IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DIANNA DODDS, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. V-13-0066 |
| v. | § | |
| | § | |
| CITY OF YORKTOWN, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This civil rights case is before the Court on the Motion to Dismiss [Doc. # 40]

filed by Defendants City of Yorktown and Sgt. Eduardo Garcia.  Defendants argue

that claims asserted by Plaintiff Timothy Dodds ("Dodds") are barred by the *Heck v.*

*Humphrey* doctrine.[1]  Plaintiff filed a Response [Doc. # 43], and Defendants filed a

Reply [Doc. # 44].  Having reviewed the full record and applicable legal authorities,

the Court **grants** the Motion to Dismiss the federal claims.

## I.     BACKGROUND

Plaintiffs Timothy and Dianna Dodds are the parents of Timothy Dodds, Jr.,

who was formerly married to Adrianna Longoria.  Plaintiffs are the grandparents of

Longoria's two children, a nine-year-old and a four-year-old.  Longoria and Dodds,

---

[1]     Defendants state that "all of Plaintiff Timothy Dodds' causes of action" are barred by
*Heck v. Humphrey*, but their arguments relate only to the federal claims under
42 U.S.C. § 1983.  As a result, the Court will treat the motion as one seeking
dismissal of the federal claims.

Jr. share custody of the children, who live with their mother and step-father, Antonio Longoria.

Plaintiffs allege that on the evening of September 17, 2011, they received a telephone call from Dodds, Jr.  Their son stated that he received a telephone call from his older daughter.  The child stated that both children were at their house alone and that she was frightened.

Plaintiffs went to the children's home, where they allege they found three men on the porch – Antonio Longoria, the children's step-father and resident of the house; Sgt. Garcia who lived next door; and Alex Campbell, a friend of the Longorias. Plaintiffs allege that Dianna Dodds got out of the vehicle and was told by Antonio Longoria to get off his property, that she was trespassing.  Plaintiffs allege that "the person later identified to them as Sgt. Garcia told her "'I am Yorktown, PD, you have been told to leave.'"  *See* First Amended Complaint [Doc. # 39], ¶ 17.  Plaintiffs allege that Garcia was not in uniform, did not display a badge, was dressed casually, and had long hair.  *See id.*  Plaintiffs allege that "his claim to be a police officer was not credible under the circumstances."  *Id.*

Plaintiffs allege that Dodds got out of the car to get Mrs. Dodds.  Plaintiffs allege that for no apparent reason, Garcia fired a taser at Dodds.  Plaintiffs allege that Dodds "had made no verbal threats of violence or physically threatening moves

toward any of the people at the scene." *Id.*, ¶ 20.  Plaintiffs allege that a taser "may only legally be used on a suspect who is threatening or using violence against a police officer" or against a citizen "who is unlawfully resisting a police officer." *Id.*, ¶ 26. Plaintiffs allege that Dodds "was falsely arrested." *Id.*, ¶ 30.

It is undisputed that Dodds was charged with and convicted of retaliation.  This case was stayed pending the appeal of his criminal conviction.  The conviction was affirmed by the Texas Court of Appeals on November 25, 2014.  *See Dodds v. State*, 2014 WL 6676774 (Tex. App. -- Corpus Christi 2014).  Thereafter, this case was reinstated on the Court's active docket.

Plaintiffs filed a First Amended Complaint in which Dodds asserts two federal claims:  a Fourth Amendment excessive force claim, and a claim entitled "Violation fo Right to Due Process and the right against cruel and unusual punishment" ("Due Process claim") in which Dodds alleges that Defendants violated his rights to be free from wrongful prosecution, not to suffer a deprivation without due process, and not to be subjected to cruel and unusual punishment.  Defendants have moved to dismiss Dodds's federal claims in the First Amended Complaint as barred by the *Heck v. Humphrey* doctrine.  The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.     *HECK v. HUMPHREY* **DOCTRINE**

Defendants argue that Timothy Dodds's federal claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a civil rights claim under 42 U.S.C. § 1983 cannot be used to challenge the validity of a criminal conviction.  *See Heck*, 512 U.S. at 486; *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007).  Therefore, under *Heck*, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts as the charge for which he was convicted, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

The *Heck* doctrine applies to a § 1983 excessive force claim if it "requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."  *Id.*; *see also Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).  Indeed, a plaintiff's federal claim is barred by *Heck* "despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction."  *Bush*, 513 F.3d at 498 n.14 (quoting *McCann v. Neilsen*,

466 F3d 619, 621 (7th Cir. 2006)).  Stated differently, it is "irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. Dec. 18, 2013) (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).  *Heck* does not preclude excessive force claims, however, if they are "conceptually and factually distinct from [the plaintiff's] criminal conviction."  *Bush*, 513 F.3d at 497.

## III.  <u>ANALYSIS</u>

It is undisputed that Dodds's conviction was affirmed on appeal, and that the conviction has not been expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.  Therefore, if Dodds's federal claims in the First Amended Complaint are based on factual allegations that are inconsistent with his conviction for retaliation, *Heck* requires dismissal of those claims.

Dodds was convicted of retaliation, a third degree felony under Texas law. Texas Penal Code § 36.06(a)(1)(A), "Obstruction or Retaliation," reads in pertinent part as follows:

    (a)    A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
           (1)    in retaliation for or on account of the service or status of another as a:

(A) public servant . . ..

*See* TEX. PENAL CODE § 36.06(a)(1)(A); *see also Cada v. State*, 334 S.W.3d 766, 770 (Tex. Crim. App. 2011); *Nandin v. State*, 402 S.W.3d 404, 407 (Tex. App. -- Austin 2013). Dodds's conviction was affirmed on appeal.

In this case, Dodds alleges facts in the First Amended Complaint that are clearly inconsistent with his conviction for retaliation. Dodds alleges Sgt. Garcia's "claim to be a police officer" was not credible because he was "not in uniform, did not display any type of badge, was dressed in a T-shirt and jeans, and had long hair." *See* First Amended Complaint, ¶ 17. This allegation is inconsistent with the element of retaliation requiring that Dodds's conduct was based on Garcia's status as a public servant.

Dodds alleges that Sgt. Garcia shot him with a taser as Dodds was "turning to leave the yard." *Id.*, ¶ 19. Dodds alleges that when the taser was fired, "Dodds was about 15 feet away from Sgt. Garcia and was turning to leave the yard. He had made no verbal threats of violence or physically threatening moves toward any of the people at the scene. Further, he had not refused to obey any orders and in fact was obeying the order to leave the property." *Id.*, ¶ 20. Dodds alleges that at the time he was tased, he "was not a threat . . .." *Id.*, ¶ 24. These allegations are inconsistent with the element of the retaliation conviction that Dodds intentionally or knowingly threatened

to harm another person.  Indeed, Dodds made these same allegations on appeal in support of his argument that there was insufficient evidence that he threatened to harm Sgt. Garcia, and the Texas Court of Appeals rejected Dodds's argument.  *See Dodds*, 2014 WL 6676774 at *3.

Dodds alleges in the First Amended Complaint that he was falsely arrested.  *See id.*, ¶ 30.  This allegation is clearly an attack on the validity of his conviction for the same charge for which he was arrested.

In the unreasonable seizure claim, Dodds incorporates each of the allegations set forth above.  Additionally, Dodds alleges that "[h]is behavior in no way justified being shot with the Taser even the first time."  *Id.*, ¶ 35.  Earlier in the First Amended Complaint, and incorporated into the unreasonable seizure claim, Dodds alleges that a taser may be used legally "on a suspect who is threatening or using violence against a police officer."  *Id.*, ¶ 26.  He alleges that his behavior did not justify being shot with a taser, and he alleges that a taser legally can be used only on someone who is threatening or using violence against a police officer.  These allegations together are inconsistent with Dodds's conviction for retaliation, which requires proof beyond a reasonable doubt that Dodds intentionally or knowingly threatened to harm Sgt. Garcia because of his status as a police officer.

In paragraph 39 of the First Amended Complaint, in the negligence section but incorporated by reference into the Due Process claim, Dodds alleges that "Sgt. Garcia did not properly identify himself as a police officer prior to employing the taser . . .." *Id.*, ¶ 39(e).  This allegation is inconsistent with the element of Dodds's retaliation conviction that he threatened harm because of Sgt. Garcia's status as a police officer.

In the Due Process claim, Dodds alleges that he was deprived of his right against wrongful prosecution and that he suffered a deprivation of his rights without due process.  *See* First Amended Complaint, ¶ 42.  Dodds alleges that he was subjected to a "blatant and unlawful assault committed against [him] by the Yorktown police officer Garcia."  *Id.*  Dodds's wrongful prosecution claim is barred by *Heck*. *See Crow v. Comal County*, 2001 WL 1910555, *3-*4 (W.D. Tex. June 13, 2001) (citing *Heck*).  An award in Dodds's favor on a wrongful prosecution due process claim "would necessarily imply the invalidity of his conviction" and, therefore, *Heck* bars this claim.  *See id.* at *4.[2]

---

[2]    In the Due Process claim, Dodds mentions "cruel and unusual punishment" and the Eighth Amendment.  The allegations in support of the "cruel and unusual punishment" all related to the tasing, which occurred prior to Dodds's arrest.  There are no allegations of cruel and unusual punishment while Dodds was in custody and, as a result, any Eighth Amendment claim Dodds purports to assert is dismissed.  *See Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987); *Martin v. Dunaway Food Servs.*, 2015 WL 518709, *2 n.2 (S.D. Miss. Feb. 6, 2015); *James v. Harris Cnty.*, 2006 WL 2827050, *4 (S.D. Tex. Sept. 28, 2006).

This is not a case in which the alleged factual basis for the constitutional claims is distinct from Dodds's conviction.  The allegations describe a single encounter between Dodds and Sgt. Garcia.  *See, e.g., DeLeon*, 488 F.3d at 656-57; *Walter v. Horseshoe Entertainment*, 483 F. App'x 884, 887 (5th Cir. June 6, 2012).  The "total effect" of the allegations in the First Amended Complaint is that Dodds "still thinks he's innocent."  *See DeLeon*, 488 F.3d at 657; *Daigre*, 549 F. App'x at 287.

The allegations in the First Amended Complaint rely "on a version of the facts that is inconsistent with" Dodds' conviction.  *See Payton v. Normand*, 599 F. App'x 190, 192 (5th Cir. Apr. 8, 2015).  Based solely on Dodds's allegations in the First Amended Complaint, which are inconsistent with his conviction for felony retaliation, the Court concludes that Dodds's claims as alleged necessarily challenge the validity of his conviction and, as a result, are barred by *Heck*.

## IV.   <u>CONCLUSION AND ORDER</u>

Plaintiff Timothy Dodds alleges facts in support of his federal causes of action that are inconsistent with his conviction for retaliation.  As a result, the federal claims are precluded by the *Heck v. Humphrey* doctrine.  It is therefore

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 40] is **GRANTED**.  Plaintiff Timothy Dodds's federal claims are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 24th day of **July, 2015**.


_____

NANCY F. ATLAS

SENIOR UNITED STATES DISTRICT JUDGE